E-FILED; Prince George's Circuit Court
Docket: 11/6/2025 11:41 AM; Submission: 11/6/2025 11:41 AM
Envelope: 23714751

**IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**
**CIVIL DIVISION**

| | |
|---|---|
| **CALIMA MCGREGOR**<br>**13033 Old Stage Coach Rd,**<br>**Apt. 2913**<br>**Laurel, Maryland 20708**<br>***Plaintiff,***<br>**v.**<br><br>**WASHINGTON METROPOLITIAN**<br>**AREA TRANSIT AUTHORITY**<br>**600 Fifth Street, NW**<br>**Washington, D.C. 20001**<br><br>**&**<br><br>**REGINALD W. DOUGLAS**<br>**200 Graiden St.**<br>**Upper Marlboro, Maryland 20774**<br><br>***Defendants.*** | **CASE NO.:** C-16-CV-25-006262 |

**COMPLAINT**

COMES NOW, Plaintiff, Calima McGregor, by and through undersigned counsel, Petra L. Aaron, Esq., and GDH Law, LLC, hereby commences this civil action against Defendant, Washington Metropolitan Area Transit Authority (hereinafter "WMATA") and Defendant Reginald W. Douglas (hereinafter "Defendant") (collectively "Defendants") and states as follows:

**JURISDICTION AND VENUE**

1. At all times relevant, Plaintiff resided at 13033 Old Stage Coach Rd, Apt 2913, Laurel, MD 20708.

2. At all times relevant, Defendant WMATA has had a principal place of business at 300 Seventh Street, SW, Washington, DC 20024 and regularly conducts business in Prince George's County Maryland, thus jurisdiction is proper within the State of Maryland.

3. This Court has jurisdiction over this matter pursuant to Maryland law because the events giving rise to this action occurred in Prince George's County, Maryland.

4. Venue is proper in this Court pursuant to Maryland Rule 2-101 because the incident occurred in Prince George's County, Maryland.

**STATEMENT OF FACTS**

5. On January 17, 2025, at approximately 7:02 AM, Plaintiff, Calima McGregor, was a passenger on a WMATA-operated transit bus traveling eastbound on Queensbury Road in Riverdale, Maryland.

6. The bus driver, Reginald W. Douglas, negligently drove off the roadway, jumped curbs, struck a tree, light poles, a retaining wall, a bus stop, and ultimately collided with a building located at 6108 Rhode Island Avenue, Riverdale MD, 20737, injuring the Plaintiff in the process.

7. Plaintiff was later transported to Adventist Health Care at White Oak Medical Center for evaluation and treatment for injuries to her neck, back, shoulders and other parts of her body.

8. Plaintiff subsequently underwent extensive chiropractic treatment and physical therapy at Rebound Integrative Health & Sports Clinics, incurring significant medical expenses and experiencing pain and suffering.

9. Defendant, WMATA, owed a duty of care to Plaintiff and other passengers to operate its buses in a safe and reasonable manner.

10. Defendant owed a duty to ensure their drivers were in good health and fit to drive public transportation vehicles without issue.

11. Defendant breached its duty of care by failing to ensure that its driver, Reginald W. Douglas, was medically fit to operate the bus, thereby creating a foreseeable risk of harm to passengers.

12. As a direct and proximate result of Defendant's negligence, Plaintiff sustained physical injuries, emotional distress, and economic damages.

13. At all times relevant, Plaintiff was free from any contributory negligence as to the cause of the collision and/or the injuries sustained.

## COUNT I
## NEGLIGENCE

14. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 13 as if fully stated herein and allege as follows:

15. At all times relevant, by virtue of its contract and applicable state and federal law, Defendant acted as the creating and controlling employer of the motor vehicle and its operator.

16. Defendant, WMATA, owed a duty of care to Plaintiff to ensure the safe operation of its buses and to protect passengers from foreseeable harm.

17. Defendant breached its duty of care by:

a. Failing to adequately screen, monitor, or evaluate the medical fitness of its driver, Reginald W. Douglas;

b. Allowing an unfit driver to operate a transit bus.

18. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries, incurred medical expenses, and suffered pain, suffering, and emotional distress.

19. Plaintiff's injuries and damages were foreseeable and preventable had Defendant exercised reasonable care.

WHEREFORE, Plaintiff, Calima McGregor, demands judgment against Defendants, WMATA and Reginald W. Douglas, in an amount in excess of seventy-five thousand dollars ($75,000).

**COUNT II**
**RESPONDEAT SUPERIOR**

20. Plaintiff incorporates herein by reference Paragraphs 1 through 19 above as though fully set forth herein and further alleges as follows:

21. At all relevant times hereto, Defendant Douglas was an agent, servant, and/or employee of WMATA.

22. The above-described negligent acts of Defendant's Douglas were committed while Defendant Douglas was working under the scope of employment for the Defendant WMATA, and that Defendant Douglas was committed to employment for the furtherance of Defendant WMATA.

23. As the employer, Defendant WMATA is responsible for each of the negligent acts committed by Defendant Douglas while under the scope of his employment.

WHEREFORE, Plaintiff, Calima McGregor demands judgment against Defendant WMATA in an amount in excess of seventy-five thousand dollars ($75,000.00) plus costs and fees.

RESPECTFULLY SUBMITTED,

GDH LAW, LLC

Petra L. Aaron, Esq.
AIS #0606130001
GDH Law LLC
4200 Parliament Place, Suite 510
Lanham, Maryland 20706
P: (301) 769-6835
F: (301) 769-6836
paaron@gdhlawfirm.com
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff Calima McGregor demands a trial by jury on all issues set forth herein.

Dated this 6th day of November 2025.

Petra L. Aaron, Esq.
AIS #0606130001
GDH Law LLC
4200 Parliament Place, Suite 510
Lanham, Maryland 20706
P: (301) 769-6835
F: (301) 769-6836
paaron@gdhlawfirm.com
*Counsel for Plaintiff*